## Coon & Neil *versus* Reed.

1. Lucas having a suit pending for an unliquidated claim, assigned it to Reed as collateral for a previous debt; he afterwards assigned part of it to Coon in payment of a previous debt. Coon immediately filed his assignment of record with the case. Lucas recovered judgment in the suit, and afterwards, on the same day, Reed filed his assignment of record, and the money was subsequently paid to him by the defendant in Lucas's suit. In an action by Coon against Reed, to recover the amount assigned by him, *Held*, that Reed having received the money in good faith, Coon had no equity superior to his.

2. The record of a pending suit is not a place where the assignment of the claim in suit may be recorded.

3. When a judgment is the evidence of a debt, the record of it is the proper place to give notice of its assignment.

4. *Prior in tempore, potior in jure*, is the law of the assignment, if there be no equity otherwise to defeat it.

October 6th 1875. Before AGNEW, C. J.,. SHARSWOOD, WILLIAMS, MERCUR, GORDON and PAXSON, JJ.

Error to the Court of Common Pleas of *Allegheny county:* Of October and November Term 1874, No. 219.

This was an action of assumpsit, brought August 28th 1872, by Coon & Neil against N. P. Reed. On the 2d of January 1872, a case stated was filed which exhibited the following facts :—

To April Term 1870, B. F. Lucas & Son, brought suit against W. Braugh and others, in the District Court of Allegheny county, to recover a claim for $3600 which they held against defendants.

[Coon v. Reed.]

On the 9th of August 1870, B. F. Lucas executed and delivered to N. P. Reed, a bond and mortgage to secure the sum of $2400 owing to Reed; and on the same day, as collateral security for the bond and mortgage, B. F. Lucas, with the consent of his partner, assigned to Reed the claim in suit as above stated, and agreed to prosecute it to judgment, "and when collected, the amount is to be paid to the said Reed until the mortgage is fully paid, if the same be not sooner extinguished."

B. F. Lucas, being indebted to the plaintiffs in the sum of $640, on the 9th of February 1872, in payment of this debt, assigned to them so much of his claim in suit against Braugh and others as would pay it, Coon & Neil having no knowledge of the assignment to Reed. This assignment was filed of record on the 10th of February 1872. On the 18th of April 1872, Lucas & Son recovered a judgment for $2596 against Braugh, one of the defendants in the suit which they had instituted against him and others. On the same day Reed's assignment was filed of record; and on the 11th of May he recovered the money due on the judgment against Braugh and satisfied it.

This suit was brought to recover from the defendant the sum of $640 with interest.

It was agreed that if the court should be of opinion that the plaintiffs were entitled to recover, judgment was to be entered in their favor for $640 with interest from April 18th 1872; if the court should be of opinion otherwise, judgment to be entered for the defendant.

The court (Sterrett, P. J.) entered judgment for the defendant.

This was assigned for error on the removal of the record to the Supreme Court.

H. W. Weir, for plaintiffs in error, cited Fisher v. Knox, 1 Harris 622.

A. M. Brown, for defendant in error.—Reed received no money which he might not in good conscience retain, and therefore there was no implied promise to repay it : Addison on Contracts 30; 1 Hillard on Contracts 59, sect. 11 ; 2 Id. 73, sect. 29 a ; Jones v. Carter, 8 Q. B. 134 ; Stephens v. Badcock, 3 B. & Ad. 354; Morris v. Tarin, 1 Dall. 148 ; Bogart v. Nevins, 6 S. & R. 369; Irvine v. Hanlin, 10 Id. 219 ; Espy v. Allison, 9 Watts 462; Mann's Appeal, 1 Barr 24; Hinkle v. Eichelberger, 2 Id. 484; Edgar v. Shields, 1 Grant 361; During's Appeal, 1 Harris 224.

Judgment was entered in the Supreme Court, October 11th 1875,

PER CURIAM.—The debts to secure which these assignments were made, were both precedent and the assignments collateral. Neither party has an advantage in this respect. Both assignments were of

29 P. F. SMITH—16

[Coon *v.* Reed.]

choses in action before judgments and merger of the claims in the judgment. In this respect neither party has an advantage. The suits, therefore, had not changed the character of claims by a merger, and the creation of a new form of indebtedness having its proper local existence in the record exhibiting the judgment. I know of no law or judicial decision making the record of an action or suit a place of record, where assignments must be filed of the claim in suit. When a judgment constitutes a proper evidence of the debt, the record of it becomes in equity a proper place to give notice of an assignment. It then has a certain local and established existence. But a bond, note, book account, or other cause of action, has an independent existence, and may, by non-suit, verdict, or otherwise, never merge into a judgment in this particular suit. In the absence of a positive law requiring the assignment to be filed, it would be rather an act of legislation than of the administration of equity, judicially, to say that the prior assignment had lost its validity against the junior transfer by not filing it. In such a case, *prior in tempore, potior est in jure*, is the maxim which becomes the law of the assignment, if there be no equity otherwise to defeat it. In this case there is no other equity, it is a question only of filing the evidence of transfer, and the moment the claim merged in the judgment the prior assignment of Reed was filed. The money was paid over to Reed, the first assignee, in good faith and was so received by him. Having thus received it upon a rightful claim, as he had every reason to *suppose*, and on his title, his conscience is not affected by the receipt, and no equity intervenes to cause him to pay it over to Coon & Neil as theirs, *ex œquo et bono. Potior est conditio defendentis.* None of the cases cited appear to rule this.

                                        Judgment affirmed.